**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

TERRENCE F. RODGERS,

        Plaintiff,           Case No. 07-15006

v.                                    The Honorable Denise Page Hood

INTERNATIONAL UNION SECURITY POLICE
AND FIRE PROFESSIONALS OF AMERICA,

        Defendant.

_____

TERRENCE F. RODGERS,

        Plaintiff,           Case No. 08-10870

                                    The Honorable Denise Page Hood

v.

MOTORCITY CASINO,

        Defendant.

_____/

**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

**I.    INTRODUCTION**[1]

        This matter is before the Court on Plaintiff's Motion to Proceed In Pro Se and Motion for

---

[1] As a preliminary matter, the instant order entertains filings in two separate actions that are both being considered by the undersigned, *Rodgers v. Motor City Casino*, Case No. 08-10870 (E.D. Michigan) ("MotorCity case"), however motions were recently filed in the related matter *Rodgers v. International Union*, Case No. 07-15006 (E.D. Michigan) ("International Union case"). Motions from both cases will be resolved in the instant Order.

Summary Judgment **[Docket No. 16, filed September 10, 2008]**[2] in the action styled *Rodgers v. International Union*, Case No. 07-15006 (E.D. Michigan) ("International Union case"), however as the *pro se* motion also addresses the companion case styled *Rodgers v. Motor City Casino*, Case No. 08-10870 (E.D. Michigan) ("MotorCity case"), it will also be considered in that action as well. This matter is also before the Court on Defendant MotorCity's Motion for Summary Judgment **[Docket No. 14, filed August 13, 2008, Case No. 08-10870]**("MotorCity Case"), to which the Plaintiff filed a Response[3] **[Docket No. 16, filed Sept. 10, 2008, Case No. 08-10870]**. On September 18, 2008, Defendant Motor City filed a Reply **[Docket No. 18, Case No. 08-10870]**.

Also before the Court in the related International Union case is Defendant International Union's Motion for Summary Judgment **[Docket No. 20, filed Aug. 15, 2008, Case No. 07-15006]**. On September 23, 2008, the Plaintiff filed a *pro se* Response **[Docket No. 23, Case No. 07-15006]**, to which the Defendant Union filed a Reply **[Docket No. 24, filed Sept. 30, 2008, Case No. 07-15006]**. Although outside the time afforded by procedural guidelines, the Plaintiff filed a *pro se* Surreply **[Docket No. 25, filed October 03, 2008, Case No. 07-15006]**, to which the Defendant Union filed an Objection **[Docket No. 26, filed October 6, 2008, Case No. 07-15006]**.

## II.   STATEMENT OF FACTS

Plaintiff, Terrence Rodgers, was employed as a security guard at MotorCity Casino ("MotorCity") until his discharge on November 2, 2004. He was also a member of a bargaining unit represented by the International Union, Security Police and Fire Professionals of America and its

---

[2]This Motion although entitled a Motion for Summary Judgment, is more accurately a Response to Defendant Motor City's Motion for Summary Judgment.

[3] The Response is also Plaintiff's Motion for Summary Judgment, mentioned above.

Local 1212 ("Union"). The Plaintiff's employment relationship with MotorCity was governed by the terms and conditions of the collective bargaining agreement between MotorCity and the Union ("CBA").[4] Among other things, the CBA provided that MotorCity may not discharge a union employee without "just cause." The CBA also set forth a grievance and arbitration procedure in order to resolve disputes between the Union employees and MotorCity management.

MotorCity submits that it terminated the Plaintiff on November 2, 2004, for leaving his post without proper relief, in violation of the CBA. MotorCity also avers that at the time of the discharge that the Plaintiff had previously been suspended on at least four other occasions, one of which was for the same offense. On November 3, 2004, the Plaintiff filed a grievance, alleging that his discharge was without just cause. The Union represented the Plaintiff throughout the grievance procedure as set forth in the CBA. On November 29, 2004, MotorCity denied the Plaintiff's third grievance, and under the terms of the CBA, the Union had twenty days to notify MotorCity that it wanted to appeal the denial of the grievance to arbitration. The Union subsequently requested two separate extensions of the time limit to appeal, however, the Union ultimately concluded that MotorCity had demonstrated just cause in terminating the Plaintiff. The Plaintiff never received notice of the Union's decision declining to appeal the denial to an arbitration.

Approximately three years after his termination, the Plaintiff filed the instant actions against both MotorCity and the Union. In his Complaint against the Union, the Plaintiff alleges that the Union breached the CBA, and its duty of fair representation by failing to arbitrate the grievance. The Plaintiff also alleges other unlawful employment practices in violation of 42 U.S.C. § 2000e-3,

---

[4]The Collective Bargaining Agreement in effect at the time of the discharge was the April 17, 2004- April 16, 2008 Collective Bargaining Agreement.

3

and the National Labor Relations Act, 29 U.S.C. § 158(b). The Plaintiff makes similar allegations against MotorCity in his Amended Complaint. More specifically, he alleges several violations of the CBA, and seeks both compensatory and equitable relief.

## III. STANDARD OF REVIEW

### A. Federal Rule of Civil Procedure 56(c)

Rule 56(c) provides that a summary judgment should be entered only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(b). The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed. 2d 202 (1986). A dispute about material facts is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Although the Court must view the motion in a light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 91 L.Ed. 2d 265 (1986). Summary judgment must be entered against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S.

at 322-23. A court must look to the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

### B. *Pro Se* Standards

When reviewing *pro se* complaints, the court must employ standards less stringent than if the complaint had been drafted by counsel. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the court "need not accept as true legal conclusions or unwarranted factual inferences." *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987)). In other words, "the lenient treatment generally accorded to pro se litigants has limits," and they are "not automatically entitled to take every case to trial." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

## IV. LAW & ANALYSIS

The Plaintiff claims that both Defendant Union and Defendant Motor City violated certain provisions of the CBA, when he was fired without just cause. The Plaintiff further alleges that Defendant Union also engaged in unfair employment practices in violation of 42 U.S.C. § 2000e-3. The Plaintiff also maintains that Defendant Union violated 29 U.S.C. § 158(b), of the National Labor Relations Act by failing to abide by the terms of the CBA. In response, both Defendants filed Motions for Summary Judgment arguing that the Plaintiff has essentially stated a hybrid claim, arising under Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185, and as such, the claim is time-barred.

### A. MotorCity

The Defendant MotorCity argues that the Plaintiff's claim for discharge for just cause arises under 29 U.S.C. § 185, and as such must be brought within six months of its accrual. Defendant

MotorCity also avers that even if Plaintiff's claim was not barred by the applicable statute of limitations, he is still unable to demonstrate that the Union's refusal to arbitrate his claim was arbitrary or motivated by discrimination or bad faith. In response, the Plaintiff asserts that this matter should be governed by the six-year statute of limitations that governs contract actions. The Plaintiff also asserts that he was unable to ascertain the reason for his termination because he was barred from entering the casino for twelve months. Plaintiff further submits that he did not receive a copy of his union files until February of 2005, after repeated phone calls and visits to the Union office. The Plaintiff claims that he even filed a claim with the National Labor Relations Board against MotorCity, which was ultimately dismissed. The Defendant MotorCity maintains that the instant action should be governed by the six-month statute of limitations, and this Court agrees.

It is well-established that an employee is entitled to bring suit against their employer for a breach of a collective bargaining agreement. *Del Costello v. International Brotherhood of Teamsters*, 462 U.S. 151, 163, 103 S. Ct. 2281, 76 L. Ed. 2d 476 (1983). Construing the Complaint liberally, the Court finds that the Plaintiff has stated a hybrid suit under § 301 of the LMRA. "A hybrid § 301 suit implicates the interrelationship among a union member, his union, and his employer." *Garrish v. Int'l Union United Auto., Aerospace and Agric. Implement Workers of Am.*, 417 F.3d 590, 594 (6th Cir. 2005). Such a suit comprises two causes of action. *DelCostello*, 462 U.S. at 163-65. One against the employer alleging a breach of the collective bargaining agreement, which rests on § 301 and provides the basis for federal jurisdiction. *Id.* The other is against the union alleging a breach of the union's duty of fair representation, which is implied under the scheme of the National Labor Relations Act. *Id.* at 164. These two causes of action are inextricably linked. *Id.* However, the employee may, if he or she chooses, sue one defendant and not the other; but what

he or she must prove is the same whether he sues one, the other or both. *Id.* at 165.

A six-month statute of limitations applies to a plaintiff's hybrid § 301 action. *Id.* at 169; *Garrish*, 417 F.3d at 594. Such a claim accrues when an employee discovers, or reasonably should have discovered with the exercise of diligence, when the local union withdrew his or her grievance. *Garrish*, 417 F.3d at 594 (holding that the statute of limitations period for an employees' claim against the union and the local began to run no later than the date when the local withdrew the employees' related grievances seeking workers' removal); *see also Wilson v. Int'l Bhd. of Teamsters*, 83 F.3d 747, 757 (6th Cir. 1996) (stating that plaintiffs "are not required to sue on a hybrid claim until....[they] reasonably should know that the union has abandoned [their] claim."). Under the instant circumstances, the Plaintiff does not dispute that, he was aware of potential causes of action and admits receiving a copy of his union file in February of 2005. Even accepting this date as the accrual of the statute of limitations, Plaintiff failed to bring the instant cause of action within the six-month period. Plaintiff even brought an unfair labor practices charge, further demonstrating his awareness of the cause of action well before the period for filing expired. *See Garish*, 417 F.3d at 594 ("[T]he asserted actual knowledge of the plaintiffs is not determinative if they did not act as reasonable persons and, in effect, closed their eyes to evident and objective facts concerning the accrual of their right to sue.").

Plaintiff's reliance on the six-year statute of limitations period for contract claims is misplaced. More specifically, Plaintiff cites language from Michigan cases setting forth circumstances where an applicable statute of limitations was limited by contract law. *E.g., Hicks v. EPI Printers, Inc.*, 267 Mich. App. 79, 702 N.W.2d 883 (Mich. Ct. App. 2005). Plaintiff wrongly relies on *Wineman v. Durkee Lakes Hunting & Fishing Club, Inc.*, 352 F.Supp. 2d 815 (E.D. Mich.

2005), which holds that the limitations period for claims under the Fair Labor Standards Act cannot be shortened by contract. However, these cases do not provide relief, and the Plaintiff's claim is time-barred by the applicable six-month limitations period. Accordingly the Plaintiff's Complaint is dismissed.

      **B.     International Union**

The Defendant Union's Motion for Summary Judgment also argues that the Plaintiff's claim should be time-barred by the six-month statute of limitations. The Defendant further argues that even if the claim were not time barred the Plaintiff is unable to establish that the union breached its duty of fair representation. In response, the Plaintiff asserts completely new allegations that the Defendant Union committed fraud by cancelling his health care benefits at least sixty days prior to his termination, in violation of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 ("ERISA"). Plaintiff argues that he is now entitled to a "Four-year statute of limitation to employees' claims for declaratory judgment requiring an employer, employee benefits plans, and their administrators to include them as participants in the benefits plans." In reply, Defendant Union maintains that this action is still governed by the six-month statute of limitations. This Court agrees.

As stated above, this action is governed by the six-month period applicable to hybrid claims. *Del Costello*, 462 U.S. at 163-65. Plaintiff failed to bring his breach of the duty of representation claim within the six-month period, but rather Plaintiff waited nearly two and one-half years after the Defendant Union chose not to appeal his grievance to arbitration. Accordingly, the Defendant's Motion for Summary Judgment is granted. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000)("[E]ven a pro se litigant, whether a plaintiff or a defendant, is required to follow the law. In particular, a wilfully unrepresented plaintiff volitionally assumes

8

the risks and accepts the hazards which accompany self-representation.... 'we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.'").

The Plaintiff's reliance upon the ERISA provisions is equally without merit. The Court first notes that the Plaintiff's new allegations are both untimely under the Eastern District of Michigan Local Rule 7.1(d)(1)(B), and under this Courts July 16, 2008 Order. Additionally, the ERISA claims were never raised in the initial Complaint against the Union, and should be barred in the instant order. However, considering the claims, the Court finds that they are equally without merit. According to Article 28 of the relevant CBA, the Defendant Union is not responsible for providing the bargaining unit members with health insurance coverage, and as such, had no power to cancel the Plaintiff's health insurance. Additionally, the statute of limitations that Plaintiff attempts to rely on, 29 U.S.C. § 1113, applies to actions against employee benefit plan fiduciaries for breach of a fiduciary duty or obligation owed to the plan and/or the plan beneficiaries, and are not applicable in the instant action.

**V.   CONCLUSION**

Accordingly, as it relates to *Rodgers v. International Union*, Case No. 07-15006 (E.D. Michigan) ("International Union case"),

**IT IS ORDERED** that Defendant International Union Security Police and Fire Professionals of America's Motion for Summary Judgment **[Docket No. 20, filed Aug. 15, 2008, Case No. 07-15006]** is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint **[Docket No. 1, filed Nov. 26, 2007, Case No. 07-15006]** is **DISMISSED**.

The foregoing orders also apply to the related matter *Rodgers v. MotorCity Casino*, Case No. 08-10870 (E.D. Michigan) ("MotorCity case"),

**IT IS ORDERED** that Defendant MotorCity Casino's Motion for Summary Judgment **[Docket No. 14, filed Aug. 13, 2008, Case No. 08-10870]** is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint **[Docket No. 1, filed March 3, 2008, Case No. 08-10870]** is **DISMISSED**.

        S/Denise Page Hood
        Denise Page Hood
        United States District Judge

Dated: December 9, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record and Mr. Terrence F. Rodgers, 18427 Margareta St., Detroit, MI 48219 on December 9, 2008, by electronic and/or ordinary mail.

        S/William F. Lewis
        Case Manager